UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald W. Gay, | ) C/A No. 9:15-2957-CMC-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Warden Cecilia Reynolds; Solicitor Knox McMahon; Columbia Police Department; NFN Benson; NFN Bales; NFN Thomas; NFN Rice; Ministerial Recorder Mary H. Brogle, | ) |
| Defendants. | ) |

The Plaintiff, Donald W. Gay, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Lee Correctional Institution, part of the South Carolina Department of Corrections. Plaintiff alleges violations of his constitutional rights by the named Defendants.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Records from Richland County and the SCDC indicate that Plaintiff, who was arrested in January 1996, was convicted in a jury trial in 1997 on the charge of murder, and is serving a life sentence. See Richland County 5th Judicial Circuit Public Index, http://www5.rcgov.us/SCJD WEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=40001&Casenum=E757058&Case Type=C (last visited Aug. 12, 2015); SCDC, Inmate Locator, http://public.doc.state.sc.us/scdc-pub lic/ [Search Inmate "Donald Gay"](last visited Aug. 12, 2015). Plaintiff alleges that (then) Solicitor Knox McMahon violated his Sixth and Fourteenth Amendment rights. He claims that Defendant Brogle (the "ministerial recorder) "signed the affidavit on Jan. 05, 1995 for Murder. The law was change[d] [o]n Jan. 01, 1996 to 0-30 yrs. life." Complaint, ECF No. 1 at 4. Plaintiff also alleges that his criminal indictment cited one South Carolina statute (S.C. Code § 16-3-10), but that he was sentenced under another statute (S.C. Code § 16-3-20(A)). Plaintiff requests that his sentence be vacated, and that he be awarded $900,000 for each year he has allegedly been unlawfully incarcerated in South Carolina. ECF No. 1 at 6.



Initially, to the extent that Plaintiff is requesting to be released from incarceration, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck v. Humphrey, 512 U.S. 477 (1994), the Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Id. at 481(1994)[stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. As such, if Plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, *after* he has fully exhausted his state court remedies.

To the extent that Plaintiff is requesting monetary damages based on an allegedly improper prosecution of his criminal charge and/or his imprisonment, which would seem to implicate mainly the Defendants McMahon and Brogle, his claims are subject to summary dismissal based on the United States Supreme Court's decision in Heck, where the Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the prisoner's conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487. As Plaintiff has not alleged that his conviction has been invalidated, any claims he is presenting here for malicious prosecution or false imprisonment are barred by Heck and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious

3

prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853-854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable determination applies to claims of false arrest, false imprisonment, and malicious prosecution].

As for Reynolds, Benson, Bales, Thomas, and Rice, who are all named as Defendants in the caption of Plaintiff's Complaint, his pleadings fail to provide any factual information to support a claim that any of these named Defendants violated his constitutional rights. See Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 [requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2)]. Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); see also White v. White, 886 F.2d 721, 723 (4th Cir. 1989) [district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion"].



4

Finally, the Defendant Columbia Police Department is also entitled to summary dismissal because this entity is not a "person" subject to suit under § 1983.[*] A police department is a group of officers in a building and, as such, is not subject to suit under § 1983. Buildings and correctional institutions, as well as sheriff's departments and police departments, usually are not considered legal entities subject to suit. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) [finding that the medical department of a prison is not a person pursuant to § 1983]; Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10–2988–JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011)[finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit]; see also Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990)[dismissing city police department as improper defendant in § 1983 action because not "person" under the statute]; Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984)[dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions]. The view that a municipal police department is not a legal entity subject to liability under § 1983 is in accord with the majority of federal courts that have addressed this issue. See, e.g., Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992); Petaway v. City of New Haven Police Dep't, 541 F. Supp.2d 504, 510 (D.Conn. 2008) ["[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."]; Terrell v. City of Harrisburg Police Dep't, 549 F. Supp.2d 671, 686 (M.D.Pa. 2008)["It is well-settled that police departments operated by

---

[*] In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).

5

municipalities are not 'persons' amenable to suit under § 1983."]; <u>Gore v. Conway Police Dep't</u>, No. 9:08–1806–RBH, 2008 WL 2566985 (D.S.C. June 26, 2008); <u>Lyons v. Edgefield County Police</u>, No. 8:05–2503–MBS, 2006 WL 3827501, at *3 (D.S.C. Dec. 28, 2006) [police department not a separate suable entity amenable to suit]; <u>Buchanan v. Williams</u>, 434 F. Supp.2d 521, 529 (M.D.Tenn. 2006) [concluding that "police departments are not 'bodies politic'" and therefore are not persons subject to action under § 1983]; <u>Stump v. Gates</u>, 777 F. Supp. 808, 815–16 (D.Colo.1991).

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 20, 2015
Charleston, South Carolina

6

pb

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



7